**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTONIO ANDERSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>PHILIP BRANDON, )<br>)<br>Respondent. ) | Case No. 12-CV-665-GKF-TLW |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 11). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice for failure to exhaust state remedies.

*BACKGROUND*

On August 4, 2011, Petitioner entered pleas of guilty, pursuant to a plea agreement, to Manufacturing a Controlled Dangerous Substance (Methamphetamine) (Count I), and Possession of a Controlled Dangerous Substance (Marijuana), Misdemeanor (Count II), in Washington County District Court, Case No. CF-2011-108. The trial court sentenced Petitioner to twenty (20) years imprisonment, with all but the first ten (10) years suspended, and a fine of $50,000 on Count I, and to one (1) year in the county jail on Count II. The sentences were ordered to be served concurrently. Petitioner was represented at trial by attorney Mark Kane.

Petitioner filed a timely motion to withdraw pleas. After conducting a hearing on the motion to withdraw pleas, the trial judge denied the motion by order filed November 14, 2011. Petitioner

filed a timely certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Thomas Purcell, Petitioner raised the following two (2) propositions of error:

>   Proposition 1: The trial court failed to establish a factual basis for Mr. Anderson's pleas.
>
>   Proposition 2: Petitioner's pleas of guilty were entered as a result of coercion, and therefore the pleas were not voluntary.

(Dkt. # 10, Ex. 1). By summary opinion filed October 4, 2012, the OCCA denied Petitioner's petition for writ of certiorari. Petitioner did not seek post-conviction relief in the state courts.

Petitioner filed the instant petition for writ of habeas corpus on December 6, 2012 (Dkt. # 1). Petitioner asserts four propositions of error, as follows:

>   Ground one: The trial court failed to establish a factual basis for Mr. Anderson's pleas.
>
>   Ground two: Mr. Anderson's pleas of guilty were entered as a result of coercion, and therefore the pleas were not voluntary.
>
>   Ground three: Conviction obtained by use of evidence obtained pursuant to an unlawful search and seizure.
>
>   Ground four: Denial of effective assistance of counsel. (Regarding Mr. Mark Kane).

(Dkt. # 1). Petitioner acknowledges that grounds three and four were not presented to the OCCA as part of his certiorari appeal and attributes the omission to ineffective assistance of counsel. In the brief in support of the motion to dismiss, Respondent asserts that Petitioner has failed to exhaust state remedies as to grounds three and four and that, as a result, the petition is a "mixed petition" and should be dismissed. See Dkt. # 10. In his response, Petitioner argues that the motion to dismiss should be denied because it would be futile to require him to return to state court to file an application for post-conviction relief. See Dkt. # 11.

## *ANALYSIS*

To obtain federal habeas relief, a state prisoner must "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see Cone v. Bell, 556 U.S. 449, 465 (2009) (acknowledging "the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court"). In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court); Wilson v. Workman, 577 F.3d 1284, 1294 (10th Cir. 2009) (en banc) ("The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." (citation and internal quotation marks omitted)).

"The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted). The burden of proving exhaustion rests with the prisoner. See Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on Petitioner's claims. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). If an applicant has failed to exhaust state remedies and state courts "would now find the claims

3

procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); accord Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

In the instant case, after reviewing the petition and the state court record, the Court agrees with Respondent that Petitioner has not presented grounds three and four to the Oklahoma state courts and that Petitioner has an available remedy for those claims, an application for post-conviction relief. Unless an exception to the exhaustion doctrine applies, the petition should be dismissed without prejudice as a mixed petition, containing both exhausted and unexhausted claims.

In response to the motion to dismiss, Petitioner argues that it would be futile to require him to return to state court to file an application for post-conviction relief in Washington County District Court because the omitted claims could have been raised on certiorari appeal. See Dkt. # 11. The Court recognizes Petitioner's argument that, pursuant to Okla. Stat. tit. 22, § 1086, the state courts of Oklahoma routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on certiorari appeal. However, Petitioner fails to acknowledge that the state courts may consider his claims if he is able to demonstrate "sufficient reason" for his failure to raise the claims in a prior proceeding. See Okla. Stat. tit. 22, § 1086 (providing that "[a]ny ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has

taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application).

In his petition, Petitioner states that grounds three and four were not raised in state court "[b]ecause appellant [sic] counsel did not raise these grounds like a reasonable attorney would have, [and] it shows that Mr. Kane was ineffective in not raising the issue regarding the validity of search warrant." See Dkt. # 1 at 10-11. Before imposing a procedural bar on Petitioner's omitted claims, the state courts would consider whether Petitioner has demonstrated "sufficient reason" for failing to raise his claims on certiorari appeal. Because Petitioner alleges that he received ineffective assistance of appellate counsel as the reason for his failure to raise the omitted claims on certiorari appeal, it may not be futile to require Petitioner to return to state court to present his constitutional claims in an application for post-conviction relief filed in Washington County District Court, Case No. CF-2011-108. However, Petitioner is advised that, to obtain habeas review of his defaulted claims, any claim of ineffective assistance of appellate counsel for failing to raise omitted claims on certiorari appeal must be raised as a separate constitutional claim in an application for post-conviction relief. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (emphasizing that "a claim of ineffective assistance . . . must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default" (citation omitted)).

In summary, Petitioner's claims are unexhausted and he has an available state remedy, an application for post-conviction relief. Therefore, Respondent's motion to dismiss for failure to exhaust shall be granted and the petition for writ of habeas corpus shall be dismissed without prejudice. Should Petitioner fail to obtain relief from the state courts, he may file a new federal

petition for writ of habeas corpus in this Court raising any claim he has fairly presented to the OCCA. The Court emphasizes that Petitioner must file a new petition in this Court promptly after the OCCA enters its ruling, within the time remaining in the one-year limitations period imposed by 28 U.S.C. § 2244(d).[1]

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is

---

[1] Petitioner is advised that the one-year period has **not** been tolled, or suspended, during the pendency of this federal habeas corpus action. See § 2244(d)(2); Duncan v. Walker, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).

6

devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 9) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust state remedies.
3. A separate judgment shall be entered in this matter.
4. A certificate of appealability is **denied**.

DATED THIS 1st day of May, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT